Macomber, J.
In the month of March, 1813, the special term by order, directed the respondent to pay over to his co-trustees the sum of $11,864.95 and further directed that the respondent be removed from his office of trustee under th'e will of Caroline L. Stokes deceased. The respondent was also adjudged by the same order to pay the costs of the proceedings instituted for his removal and to compel him to account, which amounted to the sum of $150 Subsequently to the entry of the order a demand was made upon the deposed trustee for the payment of the sum found to be due from him to the estate, which demand was not complied with.
Thereupon the trustees instituted proceedings against the respondent for alleged misconduct and contempt in not obeying the order of the court. The decision of the motion based upon the proceedings was made July 10, 1813, and it *357 was to the effect that a precept in the nature of a body-execution only should issue against the respondent for the collection of the sum which he had been adjudged to owe the estate of which he had been trustee. The order provided that a precept issue to the sheriff commanding him to take the body of the respondent a,nd detain him in custody until he should pay that sum of money. It also contained the direction that the sheriff should take bail for the limits from him in case the same was offered, in the same manner as upon arrest upon execution in a civil action.
No attempt was made to procure a modification or rever- ■ sal of that order until the time of the present appeal.
Again, on the 23d of February, 1886, the surviving trusT tee obtained an order to show cause why the respondent should not be punished for contempt for non-compliance with the same order of July, 1873. Upon the hearing of the motion the application was denied though the court permitted the moving parties to submit further affidavits than they had done at the outset.
The décision of the last named motion was based first upon the fact that the original order of July, 1873, was corn elusive of all matters up to that time, and that no new proceedings for the punishment of the respondent for misconduct could be begun except upon facts occuring since the decision of the first motion. The learned judge at special term allowed the moving party an opportunity to present such facts, but the supplemental affidavits only showed as the special term properly held, that the new demand for the payment of the money provided by the order of 1873, was made only after the notice of motion had been served and consequently could not be considered by the court. Under the circumstances it would not have been a proper practice for the court to base a judgment or order convicting the respondent of a contempt upon facts occurring since the motion itself had been made. If such subsequent demand and the refusal of the respondent to pay can lay the foundation for an order convicting him of contempt, the same must be done by a new proceeding. That is all that is necessary to be said in regard to the order of April 19, 1886.
The general question arising under the order of July, 1873, is whether or not the petitioner had the right to ask the court to order the respondent into close custody by reason of his failure to conform to the direction embraced in the order of 1873. By the order of 1873 it has been determined that the respondent had converted certain trust funds, and he was accordingly ordered to pay them over to his co-trustees. The learned judge, at the special term in' July, 1873, permitted only a precept to issue to enforce the original order, a process which is in the nature of a body *358 execution and which would have admitted the respondent to the jail liberties, of the county. The provision of the statute under which that decision was made was in effect that the court of record should have power to punish as for a contempt any person failing to pay any sum of money ordered by such court to be paid, in cases where by law execution could not be awarded for the collection of such sum. 2 R. S., 534, § 1; 3 id., 6th ed., 838, § 1. In Watson v. Nelson (69 N„ Y., 536) it was held that the enforcement of orders and decrees directing trustees to pay over moneys was by an execution against the person or a precept of commitment which would entitle the party to the benefit of jail liberties. After quoting the sections of the-several statutes, the court there says: “This is a plain declaration that punishment as for a contempt cannot be inflicted in cases where an execution can issue, viz., on a final decree, for a sum of money, and that it was intended to limit as well as to define the power is expressly stated in the revisor’s note before referred to where they say that in this section an enumeration of the general cases has been made as well to define as to limit a power which is liable to abuse, etc.” See also Baker v. Baker, 23 Hun, 356; Meyers v. Becker, 29 id., 567; The People v. Riley, 25 id., 587.
The order appealed from should be affirmed, with ten dollars costs and disbursements.
Daniels and Brady, JJ., concur.